502 F.2d 1159
 85 L.R.R.M. (BNA) 2548, 72 Lab.Cas. P 14,141
 NOTICE: First Circuit Local Rule 36.2(b)6 states unpublished opinions may be cited only in related cases.
Georgia-Pacific Corporation, Petitioner
v.
** National Labor Relations Board, Respondent.
 No. 73-1219.
 United States Court of Appeals, First Circuit.
 Nov. 5, 1973.
 
 Before COFFIN, Chief Judge, MCENTEE and CAMPBELL, Circuit Judges.
 
 
 1
 This case comes before us on Georgia-Pacific Corporation's petition to review, and the National Labor Relations Board's cross-application to enforce, an order of the Board insofar as it required Georgia-Pacific to reinstate, with back pay, employee Bruce R. Gallup.
 
 
 2
 Evidence presented to the Board in this case indicates that Gallup was hired as a truckdriver-warehouseman on Feburary 21, 1972. He was absent on two Mondays shortly thereafter and had a dispute with his foreman before resigning on March 27, 1972. After he asked for his job back he was rehired on March 30, 1972. From the date of his rehire Gallup was absent just once, although because of an injury incurred during work he did not report for work during the period April 13 to May 12. He was fired on May 22, 1972. The Board found that he had never been warned that his performance was unsatisfactory, and that other employees with more frequent absences were retained.
 
 
 3
 Before the Board the company contended that Gallup was fired for absenteeism and because of unsatisfactory performance of his warehouse duties. It further contended that Gallup was hired as a probationary employee and could be dismissed during that period for cause that would not support the discharge of a more senior employee. The Board rejected these explanations and concluded that Gallup was discharged because of his union activities.
 
 
 4
 The evidence is clear that during the time of Gallup's short employ with Georgia-Pacific he participated in a campaign to unionize his fellow workers. He was an active solicitor of authorization cards, and foreman Bertrand Parent stated at least twice during the campaign that he considered Gallup to be one of the leaders of the union. During the organization campaign Georgia-Pacific committed several unfair labor practices, including interrogation by supervisors, threats to curtail overtime if the union were victorious, and threats to discharge union leaders. Parent mentioned Gallup as one of the group the company would "get rid of." Gallup's discharge came three days before the scheduled election.
 
 
 5
 Without elaborating further upon the evidence concerning the absences, the reasons for them, and Gallup's performance as compared with that of his co-workers, probationary or otherwise, it is apparent that the sum of the company's evidence fell far short of being so persuasive that the Board was precluded, as a matter of law, from inferring on all the evidence that Gallup fell into disfavor because of his union activities.
 
 
 6
 Georgia-Pacific now argues that the Administrative Law Judge relied on an impermissible express reason for discarding branch manager David Rollaston's testimony that Gallup was an unsatisfactory employee. Even if we agreed, as we do not, that the Judge had no sufficient reason to attach adverse significance to Rollaston's evasive use of "leadman" rather than "foreman" to describe Parent, we would find the matter immaterial since the Board's decision did not hinge on Rollaston's credibility. The incidents on which Rollaston based his evaluation that Gallup's performance was unsatisfactory occurred before Gallup resigned. His rehire, the Board concluded, indicated that the company approved of his performance to that time; other evidence affirmatively showed company threats to discharge Gallup for union activity. Moreover, we are not disposed except, perhaps, were the Judge to attach determinative weight to a patently irrelevant matter, to reject the judgment on credibility of one who heard the testimony and observed the witness. The foreman-leadman discrepancy was mentioned by the Judge as "particularly" the reason that Rollaston's candor did not impress him. It would not have been inconsistent with what the Judge said for there to have been others.
 
 
 7
 Georgia-Pacific next contends that the Judge improperly failed to take into account that the other employees who had more absences than Gallup had been with the company longer and hence were entitled to more tolerance. While the company's willingness to indulge the minor failings of its longtime employees may be a virtue, the Judge's failure expressly to consider this mitigating detail does not make the Board's evidence that the firing was pretextual any the less substantial. There is evidence that Gallup's performance after his rehire was acceptable to the company, and the discharge occurred in a context of anti-union animus. We do not reweigh the evidence; our job is at an end when we find that the Board is supported by substantial evidence based on the record as a whole.
 
 
 8
 Petition for review denied. Application to enforce granted. Order enforced.
 
 
 
 **
 1-CA-8378; NLRB No. 13